UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARLEY LIMA VIEIRA MILHOMEM, <br><br> Petitioner, <br><br> v. <br><br> DAVID WESLING, Boston Field Office Director, U.S. Immigration & Customs Enforcement and Removal Operations; ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; TODD LYONS, Acting Director, U.S. Immigration & Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States, <br><br> Respondents. | Civil Action No. 1:26-cv-10161-IT |

MEMORANDUM & ORDER

February 2, 2026

Petitioner Harley Lima Vieira Milhomem, a native and citizen of Brazil, alleges that he lawfully entered the United States in or around July 2018 "on a B-2 visitor visa." Pet. ¶¶ 1, 11 [Doc. No. 1]. U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody on or about January 15, 2026. Id. ¶ 12. Respondents assert that Petitioner "overstayed his visa and is removable under 8 U.S.C. § 1227(a)(1)(B)." Opp'n 1 [Doc. No. 7].

Petitioner is presently detained at ICE's Field Office in Burlington, Massachusetts, and anticipates that he will be transferred to Plymouth County Correctional Facility in Plymouth, Massachusetts. Pet. ¶¶ 3, 14 [Doc. No. 1]. On January 15, 2026, Petitioner filed an Emergency Petition for Writ of Habeas Corpus 28 U.S.C. § 2241 [Doc. No. 1], in which he seeks a "writ of

habeas corpus ordering his immediate release or an individualized bond hearing before an Immigration Judge." Id. ¶ 26.

Although Respondents oppose Petitioner's request for immediate release, they "do not contest that Petitioner is detained pursuant to 8 U.S.C. § 1226 and that he is entitled to a bond hearing upon his request." Opp'n 1 [Doc. No. 7]. Respondents instead allege that, where Petitioner has not requested a bond hearing and been denied, Petitioner has failed to exhaust his administrative remedies, and his Petition [Doc. No. 1] is therefore premature. Opp'n 1–2 [Doc. No. 7]. Respondents have also filed a copy of a notice, dated January 20, 2026, that appears to advise Petitioner and his attorney that a bond hearing was scheduled for 1:00 p.m. on January 29, 2026, at the Chelmsford Immigration Court. See Opp'n, Not. of Custody Redetermination Hr'g in Immigration Procs. [Doc. No. 7-1]. Petitioner did not file a reply, as permitted under the court's Order entered on January 16, 2026. See Order Concerning Serv. of Pet. and Stay of Transfer or Removal 2 [Doc. No. 4].

Where the parties agree that Petitioner is detained pursuant to 8 U.S.C. § 1226 and is therefore entitled to a bond hearing, and where Respondents have provided evidence that Petitioner would receive such a hearing on January 29, 2026, the Petition [Doc. No. 1] is DENIED with leave to amend. If the bond hearing scheduled for January 29, 2026, did not take place, or if the Immigration Judge determined that he or she may not consider Petitioner's request for bond at that hearing, Petitioner may file an Amended Petition. In that event, Petitioner should detail the exhaustion of his administrative remedies, so as to avoid any future ambiguity. See Orellana Serrano v. McDonald, 1:25-cv-13395-IT, 2025 WL 3296037, at *2 (D. Mass. Nov. 26, 2025).

Respondents shall submit a status report on this matter no later than February 4, 2026.

2

IT IS SO ORDERED.

February 2, 2026                                     /s/ Indira Talwani
                                                     United States District Judge